## DORSEY vs. HIS CREDITORS.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The syndics being cited to shew cause why they should not pay to the attorney of the insolvent, one thousand dollars for his professional services in this case, as a privileged debt, out of any monies in their hands, denied that the sum was due.

The estate of an insolvent may he taxed with the fee due the attorney who filed the *bilan.*
But the compensation cannot exceed 250 dollars.

A gentleman of the bar deposed, that having seen and examined the proceedings, and taken into consideration the importance of the transaction, and the trouble the attorney must have been at—the whole having, as it appears.

EasternDist'ct
Feb'ary,1827

DORSEY
vs.
HIS CREDI-
TORS.

been managed by him—he thought an allowance of $1,500 for his services, but reasonable.

Two others deposed : the sum claimed is, in their opinion, a moderate one, according to the amount claimed and allowed for similar services.

The rule was made absolute, and the syndics appealed.

Their counsel argues in this court, that the allowance is extravagant.

The attorney contends that there is neither bill of exceptions, nor statement of facts, &c. that may enable this court to act on the merits of the case ; and that there is nothing in the decision appealed from, contrary to law or evidence.

It does not appear to us that there is any substance in the first objection of the appellee, as the testimony appears to have been reduced to writing in court. His second, and that of the appellants, will be considered together.

We have recognised the right of the attorney of a ceding debtor to a remuneration out of the ceded property (to be taxed by the court) for that portion of his services which is beneficial to the creditors. *Morel* vs. *Mez-*

*otiere's Syndics.* 3 *Mart.* In that case, the legality of the demand was also contested ; its *quantum* was not contested.

Eastern Dis'ct
Fbruary 827

DORSEY
vs.
HIS CREDI-
TORS.

It is not for *all* the services rendered by the attorney to the insolvent, his client, that the syndics are to be charged ; but only for those from which they derived a benefit, as the filing of the petition for the cession, and of the meeting of the creditors. If afterwards, a contest arises, as it may, between the insolvent and the syndics, as when he claims, and they oppose his discharge, the latter cannot be charged with the fees of their own attorney and that of the debtor's, who act in opposition to them.

As the services to be thus compensated are redered under the eye of the court, the taxation ought to be made on its own responsibility, which ought not to be shifted from the bench on the bar, as it appears to have been done in this case, in which the decision is made on the opin'on of attorneys, that the charge is moderate, and but reasonable.

In the present case the appellee filed the petition, and obtained the order for a meeting, at which he attended his client. Afterwards, none of the creditors making any opposition,

EasternDis'ct
Feb'ary,1827

DORSEY
vs.
HIS CREDI-
TORS.

he moved for, and obtained the homologation of the proceedings of the meeting, and the discharge of the insolvent; and made the motion for, and obtained the allowance complained of.

The measure of the reward of professional service, is the exertion of legal knowledge, the responsibility incurred, and the labour bestowed.

Few, indeed, are the cases in which an attorney has less legal knowledge to exert, or labour to bestow, than in an application for a meeting of creditors. Indeed, a blank petition would answer in every case, and require only the filling up the blanks for names, places and dates. The amount of property or debts, active and passive, however great, does not render the responsibility incurred much so. A suit, on a plain note of hand, demands more exertion of legal knowledge, and imposes a greater responsibility.

It would not be, therefore, easy for a judge, even if the opinion of witnesses was to relieve him from responsibility, to come to the conclusion of the first witness, that fifteen hundred dollars would be but a moderate compensation for the appellee's services. In this state, the services of the law officers are as liberally

Eastern Dis'ct
*Feb'ary*, 1827

DORSEY
*vs.*
HIS CREDI-
TORS.

estimated, perhaps more so, than in any other in the union;—yet, till very lately, this sum was deemed a fair annual compensation of the attorney-general, and some of the district judges.

A prosecution of the lightest misdemeanor demands from the attorney-general, the exertion of more legal knowledge, and imposes more labour and responsibility, and consumes more time, than all the services of the attorney of an insolvent, for which the creditors are to be taxed. Yet, except in the first appointment of an attorney-general of the state, (of which it does not behove the member of this court, who has now the honour of being its organ, to speak,) gentlemen of great merit have easily been found to fill the office —no one ever refused it, or resigned it, except on a call to another, and more dignified office.

Vastly different, indeed, must be the measure of compensation in the legislative and judicial departments of this state, if the sum which is deemed by the former a fair compensation for the attention of the attorney-general to all state prosecutions, and to the call of state officers for opinions during one year, and for the services of a district judge during the same

EasternDis'ct
Feb'ary, 1817

DORSEY
*vs.*
HIS CREDI-
TORS.

period—be considered by the latter, as but reasonable for the services now under consideration.

The two other witnesses consider the demand as reasonable, according to what is claimed and allowed in similar cases. Now the allowances referred to by the gentlemen, are those made by inferior judges. When the present allowance is complained of on the score of extravagance, the appellate court cannot sanction it because decisions, equally erroneous, have taken place before by judges *a quibus.* The judge *ad quem,* cannot take the opinion of the one *a quo,* for his rule of decision.

Leaving aside the opinion of witnesses, the judge below ought to have acted on his own responsibility, as in the case of taxing the services of referees, or the attorney or absent creditors.

In the latter case, however, which is a parallel one to the present, the legislature has not left the creditors absolutely at the discretion of the judge. It has fixed the maximum of the compensation they may be taxed for. The remuneration of this gentleman is contingent—for it is payable out of a

special fund alone, the part of the ceded estate coming to the absent creditors. It cannot in any case exceed 2½ per cent. and is to be reduced to $250, if this per centage exceed that sum. *Act of Ass* 1817.

Now, it is not doing any injustice to the appellee to consider his and that case parallel ones. The services of the attorney of the absent creditors, demand the exertion of more legal knowledge, more labour, and imposes a greater responsibility, than those for which the appellee may claim compensation. The absent creditors are to be informed of the failure—the claim of any of them, if greater than admitted by the insolvent, must be supported—that of any present creditor must be examined, and if excessive, attempted to be reduced, and the conduct of the syndics must be watched.

As in algebra, unknown numbers must be sought by comparisons of known ones—so, in law, the just decision in cases in which the legislator is silent, must be sought in an analogy with those in which he has spoken. Thus in taxing professional services, in cases of insolvency, when the will of the legislator is expressed on any occasion. it cannot be

Eastern Dis'ct
*Feb'ary* 1827

DORSEY
*vs.*
HIS CREDI-
TORS.

disregarded in a similar or analogous one. After taxing, according to the statute, the services of the attorney of the absent creditors at $250, or less, a court cannot well tax those of the attorney of the insolvent, evidently requiring less exertion of legal knowledge, less labour, and imposing less responsibility at $1,000—the fourfold of the maximum.

The administration of justice in this state has laid under some opprobrium, as to the dilapidation and waste by law charges of the estates of the deceased and insolvent; and this tribunal ought not to refuse its interference, when in a particular case it is sought for relief of the injured. When in prescribing the mode of administering those estates, the legislature strongly recommends moderation and economy, the courts ought not to run in the opposite extremes of profusion and waste.

We think the district court erred.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; and proceeding to give such judgment as, in our opinion ought to have been given below, we have not deemed it inconsistent with our duty to allow the maximum of

the compensation of the attorney of absent creditors, as the amount of property ceded, and active and passive debt is in this case very large; and the debtor has by a very early cession, manifested a sincere disposition to diminish as much as in him lay the loss of his creditors; a line of conduct which we are not unwilling to attribute in some degree to the honest advice of the appellee : it is therefore ordered, adjudged and decreed, that the syndics pay him out of any funds in their hand, two hundred and fifty dollars, with costs below, and that he pay costs in this court.

*Eustis* for the syndics, *Peirce* in *propria persona*.